**SO ORDERED.**

**SIGNED this 02nd day of December, 2010.**

_____
**LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court

**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| JACOB MICHAEL WINKLER *DBA* WINKLER BUCKING BULLS | 10-51587 |
| *DEBTOR* | CHAPTER 7 |
| JUANA AND ALFREDO ESTRADA | |
| *PLAINTIFFS* | |
| V. | ADV. NO. 10-05099 |
| JACOB MICHAEL WINKLER | |
| *DEFENDANT* | |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

CAME ON for consideration the motion of defendant Jacob Michael Winkler to dismiss the above-captioned action against him for failure to state a claim upon which relief may be granted. The court hereby grants the motion.

### BACKGROUND

On April 29, 2010, Jacob Michael Winkler (the "Defendant") filed a petition under Chapter

7 of the Bankruptcy Code in the United State Bankruptcy Court for the Western District of Texas. On September 9, 2010, Juana and Alfredo Estrada (the "Plaintiffs") filed the above-captioned adversary proceeding against the Defendant alleging an objection to discharge under section 523(a)(6). The basis of the Plaintiffs' adversary proceeding is a $300,000.00 state court default judgment that was entered against the Defendant on November 16, 2009 after one of the Defendant's bulls escaped from his fenced-in property and injured Juana Estrada.

The state court issued findings of fact and conclusions of law finding the Defendant strictly liable for the Plaintiffs' injuries and liable for negligence due to his failure to maintain adequate fencing. *See* Compl., Ex. A. Specifically, the court found that the Defendant was negligent because he "knew the dangerousness and abnormal propensities of the bucking bulls," and thus "knew or should have known that [the bull in question] would injure someone or would in reasonable probability injure someone if he escaped from their premise." *Id.*, Ex. A at p. 4. The court awarded $150,000 in damages in connection with these findings. *Id.* at p. 5. The court further found Defendant liable for gross negligence and awarded exemplary damages of $150,000. *Id.* at p. 6. Specifically, the court found that

> [the Defendant] [was] aware of the propensities of [his] animals as well as the inadequate protection of others from those propensities before the actual damage occurred. The bull that attacked Juana Estrada, as well as other bulls owned by the Defendant had escaped repeatedly prior to the incident resulting in injury to Juana Estrada. The Defendant[] ... did nothing after being advised of the potential for danger to the public and their neighbors; they made no effort to correct the problems or prevent their bulls from escaping again. The Defendant[] ... knowingly permitted the bulls escaping to continue....Their inadequate fencing condition remained un-changed despite the warnings. The Defendant's ... actions and inactions were unreasonable as well as arbitrary, wonton, and without due regard for the adjoining property owners, the public and in particular Juana Estrada ... The Defendant[] [was] consciously indifferent to Juana Estrada's rights.

*Id.* at p. 5-6.

In the present adversary proceeding the Plaintiffs' factual allegations in support of their non-

dischargeability claim state, in relevant part, that,

> [a]s part of [the Defendant's] bucking bull business [the Defendant] kept bucking bulls adjacent to the land of the [Plaintiffs]. The bulls kept by [the Defendant] have value because of their viciousness, unruly nature and dangerousness which is abnormal for the bulls in cattle business in general. The greater the hooking ability and viciousness of the bull, the greater its value for bucking purposes. [The Defendant] failed to maintain fencing commensurate with the viciousness, unruly nature and dangerousness of his bulls. His bulls would regularly escape from his pasture and enter the pasture of the [Plaintiffs] as well as their neighbors. Once in the [Plaintiffs'] pasture, [the Defendant] would refuse and fail to remove his bulls from the [Plaintiffs'] pasture back into his pasture. His bulls escaped repeatedly and with impunity to the [Plaintiffs'] pastures. [The Defendant] made no effort to maintain his bulls and his fencing. [The Defendant's] actions and inactions were unreasonable as well as arbitrary, wonton and without regard for the adjoining owners and public to the point of conscious indifference.

*See* Compl. at ¶ 7, [Docket #1]. The Plaintiffs' complaint also incorporates the state court findings of fact and conclusions of law described above. *Id*., Ex. A. The Plaintiffs allege that the Defendant's debt to them – the state court judgment – is non-dischargeable under section 523(a)(6), which renders non-dischargeable debts incurred "for willful and malicious injury by the debtor to another entity or to the property of another entity." *See* 11 U.S.C. § 523(a)(6).

## ANALYSIS

The Supreme Court has recently elaborated on the standard to be applied for motions to dismiss for failure to state a claim. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court stated that Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. at 1964 (internal quotations and citations omitted). When such a complaint is attacked under Rule 12(b)(6), the plaintiff is obligated, with regard to "the grounds upon which the complaint rests," to furnish more than labels and conclusions. Formulaic recitations of the elements of the cause of action will not do. *Id*. at 1965. Factual allegations must be enough to raise a right to relief above the speculative level,

and must do more than simply create a suspicion of a legally cognizable right of action. *Id*. The Court further explained that "asking for plausible grounds to infer [the existence of an element of a cause of action] does not impose a plausibility requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [of that element]." *Id*.  Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Id*. In support of this approach, the Court observed that "something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value....When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558.  (internal citations and quotations omitted). Nonetheless, in reviewing a 12(b)(6) motion, the court must accept all well-pleaded facts as true. *Broyles v. State ex. rel. Abbott*, 2010 U.S. App. LEXIS 12151, at *5 (5th Cir. 2010).

The Court in *Twombly* was faced with a complaint under the Sherman Antitrust Act, suits that can be time consuming and expensive. The same policy considerations underlie a bankruptcy court's consideration of dischargeability complaints. It is generally safe to assume that chapter 7 debtors are short on the resources required to engage in extensive or expensive litigation. Thus, complaints objecting to dischargeability should be dismissed if they do not meet the standards laid out by the Supreme Court in *Twombly*.

We turn now to the merits of the Defendant's Motion to Dismiss. The Defendant correctly points out that the word "willful" in section 523(a)(6) "modifies the word 'injury,' indicating that a finding of nondischargeability under this subsection requires a showing of a deliberate or

intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauahu v. Geiger*, 523 U.S. 57, 61 (1998). In *Kawaauahu*, the Supreme Court distinguished intentional torts–which the Court noted "generally require that the actor intend 'the *consequences* of an act,' not simply 'the *act itself*'"–from negligent or reckless torts, and concluded that "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Id*. at 61-64. The Fifth Circuit has articulated the Supreme Court's test as follows: "[t]he test for willful and malicious injury under § 523(a)(6), [] is condensed into a single inquiry of whether there exists 'either an objective substantial certainty of harm or a subjective motive to cause harm' on the part of the debtor." *Berry v. Vollbracht (In re Vollbracht)*, 276 Fed. Appx. 360, 361 (5th Cir. 2007).

Here, the Plaintiffs have not alleged, and the state court did not find, that the Defendant subjectively intended to cause harm to the Plaintiffs. Thus, the question becomes whether the Plaintiffs have alleged sufficient facts to raise the question of the existence of an objective substantial certainty of harm. In *Mann Bracken, LLP v. Powers (In re Powers)*, this court elaborated on the objective prong of the Fifth Circuit's test for willful and malicious injury under section 523(a)(6).  421 B.R. 326, 334-35 (Bankr. W.D. Tex. 2009). The court stated that

> this prong should be understood as essentially evidentiary in nature and import a kind of marker or 'badge of intent,'... In other words, objective substantial certainty as described by the [Fifth Circuit] is not actually another way to say 'reckless.'... A court is thus expected to analyze whether the defendant's actions, which from a reasonable person's standpoint were substantially certain to result in harm, are such that the court ought to infer that the debtor's subjective intent was to inflict a willful and malicious injury on the plaintiff.

*Id*.  Thus, it is clear that "reckless disregard of one's duties" is not enough for a debt to be found non-dischargeable pursuant to section 523(a)(6).

In light of these standards, the Plaintiffs have failed to allege facts that would show that the Defendant caused willful and malicious injury to the Plaintiffs, within the meaning of section

523(a)(6) as construed by the Fifth Circuit. The facts alleged, even when taken as true, do not raise a right to relief above the speculative level. The facts alleged in the Plaintiffs' complaint, which in turn rely on the findings recited in the state court judgment, simply do not establish cognizable grounds to support a finding that the Defendant acted deliberately or intentionally to injure the Plaintiffs. The complaint thus fails to state a claim for which relief can be granted and so should be DISMISSED.

It is thus **ORDERED** that the Defendant's Motion to Dismiss is granted.

# # #